FILED
JUN 2 8 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JADA RAY COOVER, | * | CIV 10-04096-RAL |
| | * | |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | GRANTING MOTION TO DISMISS |
| | * | PETITION UNDER 28 U.S.C. § 2254 |
| DOUGLAS WEBER, Warden, | * | FOR WRIT OF HABEAS CORPUS |
| South Dakota State Penitentiary, | * | |
| | * | |
| Respondent. | * | |

## I. INTRODUCTION

Respondent, Douglas Weber, Warden of the South Dakota State Penitentiary ("SDSP"), filed a motion to dismiss (Doc. 9) pro se Petitioner Jada Ray Coover's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Coover filed a letter (Doc. 13) addressed to the Court and the Clerk of Court in response to Respondent's Motion to Dismiss. For the reasons explained below, Respondent's Motion to Dismiss is granted.

## II. PROCEDURAL BACKGROUND

Two Judgments of Conviction and Sentence stemming from separate criminal prosecutions were entered against Coover in December of 2005 in Clay County Crim. File Nos. 04-411 and 05-186. Judge Arthur L. Rusch issued a Judgment of Conviction and Sentence against Coover for Attempted Mishandling of Anhydrous Ammonia on December 7, 2005. (Doc. 11-1, Judgment of Conviction and Sentence). Coover was ordered to serve, consecutively with Clay County Crim. No. 05-186, two-and-a-half years in the SDSP for this crime. (Id.). Under SDCL 23A-32-15, "[a]n appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed." SDCL 23A-32-15. Coover filled a direct appeal, in

Clay County Crim. File No. 04-411, on December 22, 2005. (Doc. 11-2, Notice of Appeal). The Supreme Court of South Dakota filed an Order Dismissing Appeal on March 17, 2006. (Doc. 11-3, Order Dismissing Appeal). Coover did not file a petition for a writ of certiorari before the Supreme Court of the United States.

Judge Steven R. Jensen issued a Judgment of Conviction and Sentence against Coover for Unauthorized Possession of Controlled Substance, Receipt of Stolen Property as Grand Theft, and Driving while Under the Influence, in Clay County Crim. File No. 05-186 on November 30, 2005. (Doc. 11-4, Judgment of Conviction and Sentence). On December 20, 2005, Judge Jensen filed a Judgment of Conviction and Sentence Nunc Pro Tunc in Clay County Crim. File No. 05-186. (Doc. 11-5, Judgment of Conviction and Sentence Nunc Pro Tunc). Coover was sentenced to a ten-year prison sentence for the Unauthorized Possession of Controlled Substance, with four years suspended based upon certain terms and conditions; a ten-year prison sentence for Receipt of Stolen Property as Grand Theft, with four years suspended based on various terms and conditions; and a 133-day jail sentence for Driving While under the Influence, with credit for time served and revocation of driving privileges for a term of one year following release from incarceration. (Id.). Consistent with the temporal requirements of SDCL 23A-32-15, Coover filed a Notice of Appeal in Clay County Crim. File No. 05-186 on December 22, 2005. (Doc. 11-6, Notice of Appeal). The Supreme Court of South Dakota filed an Order Dismissing Appeal on March 17, 2006. (Doc. 11-7, Order Dismissing Appeal).

On January 10, 2007 Coover filed "Writs of Mandamus and Quo Warranto, S.D.C.L. §§ 16-6-15, 21-29-1 Notice S.D.C.L. § Demand Quo Warranto §§ 21-28-9, 21-28-10, U.S. Const. Amdt. XIV," in Clay County Civ. File No. 07-22. (Doc. 11-8). The record does not indicate any

final judicial resolution of Clay County Civ. File No. 07-22.

On June 24, 2009, Coover filed his Application for Writ of Habeas Corpus, in Clay County Civ. File No. 06-195. (Doc. 11-9, Application for Writ of Habeas Corpus).[1] Judge Glen W. Eng issued an Order Dismissing [Coover's] Application and Quashing [Coover's] Writ of Habeas Corpus on September 15, 2009. (Doc. 11-10, Order Dismissing Petitioner's Application and Quashing Petitioner's Writ of Habeas Corpus). On July 6, 2010, the Supreme Court of South Dakota issued an Order Denying Coover's Motion for Certificate of Probable Cause. (Doc. 11-12, Order Denying Motion for Certificate of Probable Cause). Petitioner then filed his federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, on July 21, 2010. (Doc. 1).

## III. DISCUSSION

### A. Statute of Limitations

As discussed above, Coover's two direct appeals both ended on March 17, 2006, when the Supreme Court of South Dakota dismissed his appeals following Coover's motions to dismiss each case. (Doc. 11-3; 11-7). "Under [28 U.S.C.] § 2244(d)(1)(A), a person in state custody has one year from the date the state court judgment becomes final to file an application for habeas corpus." McMullan v. Roper, 599 F.3d 849, 851 (8th Cir. 2010) (citing Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008)). Under the statute:

> The running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the

---

[1] Coover claims that he submitted a filing on May 15, 2006, that resulted in a state "Habeas hearing." (Doc. 1). However, no written record a state habeas petition beside Coover's 2009 application has been filed before this Court. (See Doc. 11-9).

-3-

writ.

McMullan, 599 F.3d at 851 (citing Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Therefore, Coover had ninety days after March 17, 2006, to petition the United States Supreme Court for writs of certiorari in the two cases. He did not do so in either case.

Coover's two Judgments of Conviction and Sentence became final for the purposes of 28 U.S.C. § 2244(d)(1)(A) no later than June 15, 2006, and the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations began to run on June 16, 2006. See San Martin v. McNeil, 633 F.3d 1257, 1265-67 (8th Cir. Feb. 23, 2011); Nelson v. Norris, 618 F.3d 886, 891-93 (8th Cir. 2010); McMullan, 599 F.3d at 851-53 (citing Boston, 525 F.3d at 624; Riddle, 523 F.3d at 856). Thus, the AEDPA statute of limitations expired on June 16, 2007. Coover did not file his state habeas petition until more than two years later, on June 24, 2009.[2] Similarly, Coover filed his July 21, 2010, federal post-conviction challenge after the AEDPA statute of limitations had expired. Therefore, in the absence of tolling, Coover's petition is time-barred.

## B. Tolling

### 1. AEDPA Tolling

Coover argued that tolling under Section 2242(d)(2) applies to his petition. Under AEDPA, "[t]he one-year statute of limitations is tolled in accordance with § 2242(d)(2) while a 'properly filed application for State post-conviction or other collateral review . . . is pending." McMullan, 599 F.3d at 852 (citing Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). "To

---

[2] In an attachment to his letter to this Court in response to Respondent's Motion to Dismiss, Coover claimed that he "requested for state habeas relief in 2006 it final[l]y got in front of Judge Eng in August of 2009." (Doc. 13-1). However, review of his state Application for Writ of Habeas Corpus reveals that Coover signed the application on May 13, 2009, which also was outside the statute of limitations. (Doc. 11-9).

qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitations under § 2244(d)(2), the application must be 'in compliance with the applicable laws and rules governing filings." Id. at 853 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "A properly filed application is one that meets all of the state's procedural requirements." Id. (quoting Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir. 2002)). Because Coover's "Writs of Mandamus and Quo Warranto" were not the proper procedural mechanisms under South Dakota law for obtaining relief from his sentences, nor were they the equivalent of any habeas corpus action under SDCL ch. 21-27 ("Habeas Corpus") or any other form of collateral review, tolling under section 2242(d)(2) does not apply in this case. See SDCL ch. 21-27.

## 2. Equitable Tolling

A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin, 633 F.3d at 1267. (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Id. (quoting Holland, 130 S. Ct. at 2565); see also Walker v. Norris, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (because federal habeas petitions are "fill-in-the-blanks" forms designed for prisoners to complete without assistance of counsel, inmate's failure to properly file pro se habeas petition on time constituted a "lack of diligence, not extraordinary circumstances") For the "extraordinary circumstance" prong, the Eighth Circuit "require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267. A district court also may consider an untimely Section 2254 petition when refusal to consider the petition for

untimeliness would result in a "fundamental miscarriage of justice" because it would require an actually innocent individual to remain imprisoned. Id. at 1267-68. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Id. at 1268.

Coover has not satisfied his burden of proving circumstances justifying the application of equitable tolling, as he has neither demonstrated diligent pursuit of his rights nor that extraordinary circumstances prevented timely filing. Failing to allege any extraordinary circumstances, Coover accordingly has not shown any causal connection between any such circumstances and his late filing. In addition, Coover has not demonstrated that a fundamental miscarriage of justice would result from dismissal of his petition for untimeliness.

## IV. CONCLUSION

For the foregoing reasons it is hereby

ORDERED that Respondent's Motion to Dismiss Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 9) is granted.

Dated June 28, 2011.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE